IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 20, 2006 Session

## STATE OF TENNESSEE v. DAVID MICHAEL CHUBB

**Direct Appeal from the Criminal Court for Sumner County**
**No. 770-2002    Jane Wheatcraft, Judge**

**No. M2005-01214-CCA-R3-CD - Filed January 29, 2007**

Hayes, David G., Judge, separate concurring.

I join with the majority in concluding that the State's special instruction submitted to the jury constituted reversible error. I write separately only to note the following additional reasons for finding the instruction was error. The special instruction, in its entirety, is as follows:

> The court instructs you that in a sexual abuse case you may convict the defendant on the basis of the victim's testimony alone. Corroboration of the victim's testimony is not necessary.

First, I know of no requirement that the jury be instructed on an issue which is <u>not</u> the law of the case. Thus, I find it unnecessary to instruct the jury that "corroboration of the victim's testimony [was] not necessary."

Second, and of greater concern, I find the trial court's instruction is a misstatement of the law. Tennessee Code Annotated section 40-17-121 (2003), which the State relies upon as authority for the special instruction, provides:

> If the alleged victim of a sexual penetration or sexual contact within the meaning of § 39-13-501 is less than thirteen (13) years of age, such victim shall, regardless of consent, not be considered to be an accomplice to such sexual penetration or sexual contact, <u>and no corroboration of such alleged victim's testimony shall be required to secure a conviction if corroboration is necessary solely because the alleged victim consented</u>.

(emphasis added).

Contrary to the trial court's instruction, the statute does not state that "the defendant [may be convicted] on the basis of the victim's testimony alone." Rather, the statute provides only that no corroboration of the victim's testimony is required to secure a conviction where the victim becomes an accomplice by virtue of his or her consent to the sexual misconduct. The statute was

intended only to negate the corroboration requirement for an accomplice's testimony, not to lessen the proof required to convict.

For these additional reasons, I find the special instruction constitutes reversible error.

_____
DAVID G. HAYES, Judge